UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 5:23-cv-00122-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| DYLAN COCKETT, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Remand to Fayette Circuit Court filed by Plaintiff Owners Insurance Company. [R. 6.] After Owners Insurance voluntarily dismissed Amerra Capital Management, LLC, from this action, Defendant Evexia Plus, LLC, removed the case to this Court. [R. 1.] Owners Insurance argues that removal was untimely. [R. 6.] Because Amerra is a limited liability company with numerous members and sub-members, Defendants Evexia and Elemental Processing, LLC, disagree and claim that they could not be certain that a federal court could exercise jurisdiction over this case until Amerra was no longer a party to the suit. [R. 9; R. 11.] Owners Insurance fails to meaningfully dispute that federal jurisdiction was in question while Amerra was in the case, so its Motion for Remand **[R. 6]** is **DENIED**.

**I**

This litigation begins with the end of Elemental's business. After Elemental went into receivership, Amerra bought several of its physical assets at public auction. [R. 1-1 at 4.]

Through a series of assignments, some of the rights to these machines eventually transferred to Evexia. *Id.* at 5. Elemental stored these assets in a warehouse it leased. [R. 9 at 1.]

Evexia hired Defendant Transamerican to move the equipment, and Transamerican subcontracted Defendant Cockett Industries to disassemble it. [R. 1-1 at 6.] During the disassembly of a chiller, a fire broke out and damaged the warehouse. [R. 9 at 1.] Owners Insurance provided a property and casualty loss policy to the owner of the warehouse, Capstone Group 2100, LLC. *Id.* at 2; [R. 1-1 at 4.] Owners Insurance alleges that it paid Capstone approximately $1.2 million because of the fire. [R. 1-1 at 7.] Via subrogation, Owners Insurance asserted Capstone's claims for negligence, breach of warranty, and negligent hiring against the Defendants in Fayette Circuit Court on January 6, 2023. *Id.* at 7, 9, 10.

On March 22, Owners Insurance voluntarily dismissed Amerra from the suit. [R. 1-18.] On April 21, Evexia filed a notice of removal with consent from the remaining defendants. [R. 1 at 5.] It asserted that the Court has jurisdiction over the state-law claims based on complete diversity of citizenship of the parties. *Id.* at 2. Owners Insurance then filed the instant motion for remand. [R. 6.] Elemental and Evexia oppose the motion. [R. 9; R. 11.] The matter is now ripe for review. [R. 12.]

## II

Unless specifically prohibited by Congress, a case filed in state court can be removed to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy is greater than $75,000 and the litigation is between citizens of different states. *Id.* § 1332(a)(1). To remove a case, a defendant must file a notice of removal within thirty days of receipt of the complaint. *Id.* U.S.C. § 1446(b)(1).

However, this period only starts to run if the initial pleading contains "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). If the case stated by the initial complaint is not removable and an amendment, motion, order, or other paper subsequently opens the door to federal court, the defendant receives another thirty-day window to remove the case. 28 U.S.C. § 1446(b)(3). This second window can be triggered by the receipt of a subsequent paper that reveals "solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364. That said, if federal jurisdiction is based on diversity of citizenship, the case cannot be removed more than a year after the commencement of the action, absent a finding of bad faith. 28 U.S.C. § 1446(c)(1).

A

In this case, Evexia only had solid and unambiguous information that the case was removable after Amerra was no longer a party. Owners Insurance admits that the jurisdictional requirements of Section 1332 are presently satisfied. The parties are diverse. [R. 6-1 at 3.] And the amount in controversy exceeds $75,000. *Id.* Its lone argument for remand is that Evexia should not get the benefit of the second thirty-day window to remove the case because "it has not demonstrated any information that would have allowed it to conclude the case was not removable based on the initial filing." *Id.* at 4. Owners Insurance believes that, by stating that Amerra was established under Delaware law and has a principal office in New York, its complaint set forth all the information that Evexia needed to conclude that the parties were completely diverse. *Id.*

This information may be factually correct, but it is also legally irrelevant. Diversity jurisdiction requires that no party share citizenship with any opposing party. *Peters v. Fair*, 427

3

F.3d 1035, 1038 (6th Cir. 2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–68, 2 L.Ed. 435 (1806)). Corporations are citizens of any state in which they were incorporated and any state where they have a principal place of business. 28 U.S.C. 1332(c)(1). Limited liability corporations are assessed differently. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). LLCs do not receive "a fictional citizenship in their state of organization or in their principal place of business." *Yarber v. M.J. Elect., LLC*, 824 Fed. App'x 407, 409 (6th Cir. 2020). LLCs, such as Amerra, have the citizenship of each of their members. *Mortensen Family Dental Ctr., Inc. v. Heartland Dental Care*, 526 F. App'x 506, 508 (6th Cir. 2013).

Analyzing jurisdiction under Section 1332 can become quite complicated when an LLC is involved. If an LLC has a corporation as a member, the LLC will be a citizen of the corporation's state of incorporation and principal place of business. *See Yarber*, 824 Fed. App'x at 410. However, if an LLC has other LLCs as members, the party's citizenship resembles a Russian nesting doll. *See id.* at 409. The LLC at issue will have the citizenship of every member LLC it contains. *Id.* Accordingly, courts must trace "through however many layers of partners or members there may be" to determine the citizenship of the LLC that is a party to the case. *Id.* (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

Owner's Insurance's complaint did not provide Evexia with relevant information regarding Amerra's citizenship. It listed Amerra's state of incorporation and principal place of business. [R. 6-1 at 3.] That information has nothing to do with an LLC's citizenship. *See Yarber*, 824 Fed. App'x at 409. It also could not have reasonably permitted Evexia to ascertain Amerra's citizenship. Delaware law does not require LLCs to publicly file information regarding their members. [R. 9 at 4]; *see* Del. Code Ann. tit. 6, § 18-201 (2023) (listing information required to form an LLC). So, Evexia reached out to counsel for its co-defendant,

4

Amerra, to inquire about its citizenship. [R. 11 at 2.] The attorney advised that "he would be unable to identify the citizenship of Amerra because of the multitude of various members who either directly or indirectly owned an interest in Amerra." *Id.* He also refused to assure Evexia that the parties to this case would be completely diverse if Amerra remained in the action. [R. 11-1 at 2.]

Until Owners Insurance dismissed Amerra from the suit on March 22, Evexia did not have "solid and unambiguous information that the case [was] removable." *Berera*, 779 F.3d at 364. The 30-day window for removal, under Section 1446(b)(3), began to run at that time. *Id.* Therefore, Evexia's notice of removal, filed on April 21, was timely.

**B**

Nevertheless, Owners Insurance maintains that this matter should be remanded. Owners Insurance points out that the removing party bears the burden of establishing that federal jurisdiction is proper. [R. 12 at 1 (citing *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011)).] True, but Owners Insurance admits, and the Court has no other reason to doubt, that diversity of citizenship is satisfied now that Amerra is no longer a party. [R. 6-1 at 3.]

Owners Insurance also claims that Evexia's Notice of Removal needed to clearly explain why the case was not removable while Amerra was a party. [R. 12 at 2.] Owners Insurance cites no authority that requires this showing or any that explains why the Court should grant remand as a remedy for this alleged failure. Instead, Owners Insurance makes much of the frequent statement that "[s]tatutes conferring removal jurisdiction are strictly construed . . . ." *Id.* at 2 (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 477 (6th Cir. 2014)). But these admonitions are based on jurisdictional requirements, such as diversity of the parties or the

5

amount in controversy. *See Shupe*, 566 F. App'x at 478. Where jurisdiction is lacking, the Court lacks the power to enforce its orders, making the litigation futile. *Id.*

The problem with applying these strictures to the thirty-day time limit is that the removal time frame is a formal requirement, not a jurisdictional one. *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F. Supp. 812, 814 (M.D. Tenn. 1989); *see also Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 U.S. App. LEXIS 14129, at *5 (6th Cir. June 26, 1991) ("It has been uniformly held that the failure to file for removal within the thirty-day period, while waivable by plaintiff, is a formal barrier to the exercise of jurisdiction."); *accord Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("[W]e have examined § 1446(b)'s thirty-day time limit within which the defendant must file a notice of removal after receipt of the complaint, and we have found it to be merely procedural."). There are no jurisdictional concerns with this case. Owners Insurance's complaint about the contents of the notice of removal is overly formal and lacks any connection to caselaw that would require remand.

### III

Simply put, the Court has jurisdiction over this case. Avexia removed the matter in a timely fashion. No problems exist that merit remand to Fayette Circuit Court. Accordingly, for these reasons, it is hereby **ORDERED** that Owners Insurance's Motion for Remand **[R. 6]** is **DENIED**.

This the 19th day of September 2023.



Gregory F. Van Tatenhove
United States District Judge